UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HOWARD MONROE,

                      Plaintiff,           **MEMORANDUM AND OPINION**

    -against-                                       CV 16-6100 (AYS)

TOWN OF HEMPSTEAD, TOWN OF HEMPSTEAD
DEPARTMENT OF PARKS and RECREATION,
DANNY LINO, in his official and individual capacity,
MIKE ZAPOLA, in his individual and official capacity,
RAY RODEN, in his individual and official capacity,
JAMES TINTLE, in his individual and official capacity,
MATTHEW THOMPSON, in his individual and official
capacity, JOHN MORAN, in his individual and official
capacity,

                      Defendants.
-------------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

       This is an employment discrimination action in which Plaintiff alleges Defendants discriminated against him and subjected him to a hostile work environment on the basis of his race, as well as retaliated against him, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. §§ 1981, 1983, 1985 and the New York State Human Rights Law, N.Y. Exec. Law § 296 et seq. ("NYSHRL"). Presently before the Court is Defendants' motion for summary judgment, which, for the most part, Plaintiff opposes. Having reviewed the papers both in support of and in opposition to the motion, the Court finds that, other than as set forth below, genuine issues of material fact preclude the granting of summary judgment in its entirety. Accordingly, Defendants' motion is granted in part and denied in part.

## BACKGROUND

The relevant facts, as set forth below, are taken from the parties' Local Civil Rule 56.1 statements, as well as the documents offered by the parties in support of and in opposition to the within motion.

Plaintiff, Howard Monroe ("Plaintiff" or "Monroe"), was employed by Defendant Town of Hempstead Department of Parks and Recreation (the "Parks Department") as a part-time Maintenance Helper from March 23, 2009 until his termination on September 25, 2016. A Maintenance Helper generally assists other employees with projects involving plumbing, electrical, masonry, carpentry and the trades. During the course of his employment, Plaintiff sought to be promoted to a full-time employment position.

Throughout his employment, Plaintiff submitted a number of complaints, both internally and to the New York State Division of Human Rights (the "SDHR"), alleging that he was being subjected to a hostile work environment and racially discriminated against in that he was paid a lower salary than other workers with his same job title. Plaintiff also filed two charges of retaliation with the SDHR. Also throughout his employment, Plaintiff was issued several Notices of Discipline by the Parks Department that resulted in reprimands and suspensions.

On August 10, 2016, Plaintiff received a right to sue letter from the SDHR. Plaintiff's employment was terminated by the Parks Department on September 25, 2016.

Plaintiff commenced the within action on November 2, 2016, alleging: (1) race discrimination and creation of a hostile work environment in violation of Title VII, 42 U.S.C. § 1981 ("Section 1981"), and the NYSHRL; (2) retaliation in violation of Title VII, Section 1981 and the NYSHRL; (3) municipal liability, pursuant to 42 U.S.C. § 1983 ("Section 1983"); (4) denial of equal protection and due process in violation of Section 1983; and, (5) conspiracy,

pursuant to 42 U.S.C. § 1985 ("Section 1985"). Defendants, which include the Town of Hempstead (the "Town"), the Parks Department, and individuals Danny Lino, Mike Zapola, Ray Roden, James Tintle, Matthew Thompson, and John Moran (collectively, the "Individual Defendants"), now move for summary judgment with respect to all claims alleged by Plaintiff.

DISCUSSION

I.  Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to establish the lack of any factual issues. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The very language of this standard dictates that an otherwise properly supported motion for summary judgment will not be defeated because of the mere existence of some alleged factual dispute between the parties. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Rather, the requirement is that there be no "genuine issue of material fact." Id. at 248.

The inferences to be drawn from the underlying facts are to be viewed in the light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986). When the moving party has carried its burden, the party opposing summary judgment must do more than simply show that "there is some metaphysical doubt as to the material facts." Id. at 586. In addition, the party opposing the motion "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248.

When considering a motion for summary judgment, the district court "must also be 'mindful of the underlying standards and burdens of proof' . . . because the evidentiary burdens

3

that the respective parties will bear at trial guide the district courts in their determination of summary judgment motions." SEC v. Meltzer, 440 F. Supp. 2d 179, 187 (E.D.N.Y. 2006) (quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988)) (internal citations omitted). "Where the non-moving party would bear the ultimate burden of proof on an issue at trial, the burden on the moving party is satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim." Meltzer, 440 F. Supp. 2d at 187.

Motions for summary judgment in employment discrimination actions should be evaluated with special care. See Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir. 1997) (citations omitted). Since "direct evidence of an employer's discriminatory intent will rarely be found, 'affidavits and depositions must be carefully scrutinized for circumstantial proof which, if believed, would show discrimination.'" Id. (quoting Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1224 (2d Cir. 1994)). Even in the discrimination context, however, a plaintiff "must provide more than conclusory allegations of discrimination to defeat a motion for summary judgment." Schwapp, 118 F.3d at 110 (citing Meiri v. Dacon, 759 F.2d 989, 998 (2sd Cir. 1985)).

II.     The Official Capacity Suits Against the Individual Defendants

As Defendants correctly point out, the official capacity claims brought against the Individual Defendants fail as a matter of law, as such a suit is redundant of the action already brought against the Town. See Phillips v. County of Orange, 894 F. Supp. 2d 345, 384 n.35 (S.D.N.Y. 2012) ("Within the Second Circuit, where a plaintiff names both the municipal entity and an official in his or her official capacity, district courts have consistently dismissed the official capacity claims as redundant.") (collecting cases); see also O'Connor v. Pierson, 568 F.3d 64, 71 (2d Cir. 2009) ("As long as the government entity receives notice and an opportunity

to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") Indeed, Plaintiff does not even address this argument in his opposition to the within motion since his counsel surely knows this to be black-letter law.

Accordingly, Defendants are granted summary judgment with respect to Plaintiff's official capacity suits against the Individual Defendants and those claims are dismissed from this action.

II.     Defendants' Unopposed Grounds for Summary Judgment

"Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way." Maher v. Alliance Mortgage Banking Corp., 650 F. Supp. 2d 249, 267 (E.D.N.Y. 2009) (quotation omitted); Ostroski v. Town of Southold, 443 F. Supp. 2d 325, 340 (E.D.N.Y. 2006) ("Because plaintiff's opposition papers did not address defendants' motion for summary judgment on this claim, the claim is deemed abandoned . . . ."). Here, Plaintiff's opposition papers make no mention whatsoever of his conspiracy claim or his race-based discrimination claim for unequal wages, for which Defendants seek summary judgment. Accordingly, both claims are hereby dismissed as abandoned.

With respect to Plaintiff's retaliation claim brought pursuant to Section 1983, Defendants moved for summary judgment on the grounds that the Equal Protection Clause cannot be the basis of a retaliation claim. (Def. Mem. of Law in Supp. 20 (citing Bernheim v. Litt, 79 F.3d 318, (2d Cir. 1996).) In his opposition, Plaintiff acknowledges that Defendants are correct. (Pl. Mem. of Law in Opp'n 22.) The Court also finds Defendants to be correct. See Dorcely v. Wyandanch Union Free Sch. Dist., 665 F. Supp. 2d 178, 199 (E.D.N.Y. 2009) ("There is no recognized claim for retaliation under the Equal Protection Clause."). Accordingly, Defendants'

motion for summary judgment with respect to Plaintiff's retaliation claim brought pursuant to Section 1983 is granted and the claim is dismissed.

Finally, as Defendants correctly point out, Plaintiff's claims brought pursuant to Section 1983 are limited to a three-year statute of limitations. (Def. Mem. of Law in Supp. 20 (citing Bermudez v. City of New York, 783 F. Supp. 2d 560, 598 (S.D.N.Y. 2011).) Plaintiff does not dispute this point in his opposition and agrees that only those claims for events that occurred from November 3, 2013 forward are timely under Section 1983. (Pl. Mem. of Law in Opp'n 15.) Accordingly, Plaintiff's remaining Section 1983 claims herein will be limited to those events that occurred on or after November 3, 2013.

III.    Plaintiff's Due Process Claim

Defendants seek summary judgment with respect to Plaintiff's due process claim, brought pursuant to Section 1983, on the ground that Plaintiff does not possess a property interest in his employment since he was a part-time, at-will employee. (Def. Mem. of Law in Supp. 20.) In response, Plaintiff conflates the due process argument with one based on a violation of his equal protection rights, failing to offer any real opposition to Defendants' position. (Pl. Mem. of Law in Opp'n 14-15.)

"To state a claim for deprivation of property without due process of law, a plaintiff must, as a preliminary matter, 'identify a property interest protected by the Due Process Clause.'" Carter v. Incorporated Vill. of Ocean Beach, 415 F. App'x 290, 293 (2d Cir. 2011) (quoting Harrington v. County of Suffolk, 607 F.3d 31, 34 (2d Cir. 2010)). "To demonstrate a property interest in public employment, the plaintiff must have 'more than a unilateral expectation of' continued or future employment but instead 'a legitimate claim of entitlement to it.'" Carter, 415 F. App'x at 293 (quoting Town of Castle Rock v. Gonzales, 545 U.S. 748, 756 (2005)). Like the

plaintiffs in Carter, Plaintiff herein was an "at-will, part-time" employee. Carter, 415 F. App'x at 293. As such, Plaintiff cannot establish any "claim of entitlement . . . to continued or future employment." Id. Without such entitlement, any claim for deprivation of his due process rights fails as a matter of law. See id. at 294 (affirming district court's grant of summary judgment to defendants).

Based on the foregoing, the Court grants Defendants' motion for summary judgment with respect to Plaintiff's due process claim and that claim is dismissed.

IV. Municipal Liability

Plaintiff claims that the Town has a custom and policy of failing to properly investigate complaints, failing to discipline employees, and regularly condoning and tolerating an unsafe and hostile work environment. (Compl. ¶¶ 145-54.) Defendants seek judgment as a matter of law with respect to Plaintiff's claim for municipal liability.

Pursuant to the Supreme Court's decision in Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Id. at 694. Rather, a municipal entity may only be held liable where injury results from the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Id. A municipality may not be held liable under Section 1983 under a respondeat superior theory. See Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986). Therefore, "to prevail on a claim against a municipality under Section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury,

7

542 F.3d 31, 36 (2d Cir. 2008) (citing Monell, 436 U.S. at 690-91). "The plaintiff must show a 'direct causal link between a municipal policy or custom, and the alleged constitutional deprivation.'" Mazzone v. Town of Southampton, 283 F. Supp. 3d 38, 61 (E.D.N.Y. 2017) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)).

To demonstrate a policy, custom or practice, "a plaintiff need not identify an express rule or regulation." Patterson v. County of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Rather, it is "sufficient to show . . . that a discriminatory practice of municipal officials was so persistent or widespread as to constitute a custom or usage with the force of law or that a discriminatory practice of subordinate employees was so manifest as to imply the constructive acquiescence of senior policy-making officials." Id. at 226. Plaintiff has offered no evidence to this Court – other than his own alleged experiences – to sustain a finding that the Town has a custom or history of failing to investigate complaints, failing to discipline employees or tolerating a hostile work environment. In fact, Plaintiff acknowledges that the Town actually has a formal policy against discrimination and harassment.

Rather, Plaintiff argues that the Individual Defendants are "indisputably policymakers" who all either actively participated in or were deliberately indifferent to the alleged discrimination against Plaintiff. (Pl. Mem. of Law in Opp'n 27.) However, Plaintiff offers nothing more than conclusory allegations of such conduct and appears to focus part of his argument on an individual, William Sammon, who is not even named as a Defendant in this action. (Id.) While Plaintiff argues, without any support, that the Individual Defendants are final policymakers for the Town, each of the Individual Defendants testified at their depositions that the only policymaker in the Town when it comes to issues of employment is the Town Board. (Sammon Dep. 11, 87, 102, 117; Lino Dep. 23; Rhoden Dep. 18-19, 31-32, 49, 54-55, 61-64, 66-

8

68; Zappolo Dep. 52-54, 75-77.) Plaintiff does not even attempt to refute this testimony in his opposition.

Accordingly, the Court finds that Plaintiff's claim for municipal liability fails as a matter of law and Defendants' motion for summary judgment is granted with respect to that claim.

V.   The Remaining Claims

Having reviewed the papers in support of and in opposition to the within motion, the Court finds that genuine issues of material fact exist with respect to the following claims: (1) race discrimination – except any claim based on a theory of unequal wages – pursuant to Title VII, Section 1981 and the NYSHRL; (2) creation of a hostile work environment, pursuant to Title VII, Section 1981 and the NYSHRL; (3) retaliation, pursuant to Title VII, Section 1981 and the NYSHRL; and (4) violation of Plaintiff's equal protection rights, pursuant to Section 1983. All of the foregoing claims will proceed to trial in this action.

Counsel for the parties are directed to submit a joint pre-trial order, consistent with this Court's Individual Rules, on or before May 4, 2020.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted in part and denied in part. Specifically, the motion is granted with respect to Plaintiff's claims for conspiracy, racial discrimination based on a theory of unequal pay, retaliation brought pursuant to Section 1983, deprivation of due process, and municipal liability. Moreover, any claims brought pursuant to Section 1983 are limited to events that occurred on or after November 3, 2013. Finally, the official-capacity claims brought against the Individual Defendants are dismissed as redundant. In all other respects, Defendants' motion for summary judgment is denied.

**SO ORDERED.**

Dated: April 2, 2020
       Central Islip, New York

                                          /s/ Anne Y. Shields
                                          ANNE Y. SHIELDS
                                          United States Magistrate Judge